IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN,   Petitioner, | § § § | |
| v. | § | No. 3:18-cv-1459-M (BT) |
| LORIE DAVIS, *Director* TDCJ-CID   Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS. AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Lowell Quincy Green, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed. Petitioner also has filed a motion for acquittal challenging his parole revocation. (ECF No. 29.) That motion should be denied.

I.

Petitioner challenges his 1989 conviction for unauthorized use of a motor vehicle, enhanced. *State of Texas v. Lowell Quincy Green*, No. F89-97008 (283rd Dist. Ct., Dallas County, Tex., Aug. 10, 1989). Petitioner was sentenced to thirty years in prison. On June 11, 1990, the Fifth District Court of Appeals affirmed Petitioner's conviction, *Green v. State*, No. 05-89-01170-CR (Tex. App. – Dallas

1

1990, pet. ref'd); and, on December 12, 1990, the Court of Criminal Appeals refused his petition for discretionary review, PDR No. 0952-90.

On March 24, 2012, while he was on parole, Petitioner was arrested for aggravated robbery. On May 15, 2013, he was convicted and sentenced to life in prison for as a habitual offender.

On February 7, 2018, Petitioner filed a state habeas petition, *Ex parte Green*, No. 82,981-07, which the Court of Criminal Appeals dismissed without written order on April 25, 2018.

On May 29, 2018, Petitioner filed this § 2254 petition. He argues (1) the indictment was defective; and (2) he was denied a parole revocation hearing in violation of his Fourteenth Amendment rights. Petitioner also filed a motion for acquittal challenging his parole revocation. For the following reasons, the petition should be dismissed and the motion for acquittal should be denied.

II.

1. **Procedural Bar**

Respondent argues Petitioner's claims are procedurally barred because Petitioner failed to raise his claims in state court.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims, in a procedurally proper manner, to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844–45 (1999). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Here, Petitioner did not raise his current claims in his petition for discretionary review, (ECF No. 23-7), or his state habeas petition. (ECF No. 23-38 at 20.) The claims are therefore unexhausted.

Dismissal of a petitioner's unexhausted claims is appropriate where it is clear that the claims are procedurally barred under state law. *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989)). In this case, Petitioner's unexhausted claims would be procedurally barred for abuse of the writ if Petitioner raised the claims in a second state habeas petition. *See* Tex. Code Crim. Proc. Ann. Art 11.07 § 4; *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim would be barred by the Texas abuse of the writ doctrine and therefore claim was procedurally barred). The Fifth Circuit has noted that the Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Petitioner's claims are therefore procedurally barred.

A federal court may excuse the procedural bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's

3

failure to consider the claim will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Petitioner, however, has stated no cause for his failure to present his claims to the Court of Criminal Appeals. He has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he is actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has failed to meet this high standard. He has submitted no new evidence in support of his claims. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

### 2.   Statute of Limitations

Petitioner's claims are also barred by the statute of limitations. Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 336

4

(1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

## A.  Defective Indictment

Petitioner's claim that the indictment was deficient is untimely under 28 U.S.C. § 2244(d)(1)(A). Under that section, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On December 12, 1990, the Texas Court of Criminal Appeals refused Petitioner's petitions for discretionary review. The convictions became final ninety days later, on March 12, 1991. *See* Sup. Ct. R. 13; *see also Roberts v.*

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

5

*Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues).

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's April 24, 1996, effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 7, 2018, Petitioner filed a state habeas petition. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his claim by April 24, 1997. He did not file this claim until May 29, 2018. The claim is therefore untimely.

### B. Parole Revocation Hearing

While Petitioner was on parole for his 1989 unlawful use of a motor vehicle conviction, he was arrested on charges of aggravated robbery. On May 15, 2013, he was convicted of aggravated robbery and sentenced to life in prison as a habitual offender. Petitioner claims his parole for the unlawful use of a motor vehicle was revoked, but he did not receive a parole revocation hearing in violation of his Fourteenth Amendment rights.

Under § 2244(d)(1)(D), the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Although Respondent did not submit the parole revocation records, Respondent states the latest date that Petitioner knew or should have known of this claim was on May 15, 2013, when Petitioner was sentenced for the aggravated robbery conviction. In his reply to Respondent's answer, Petitioner did not dispute that he knew or should have known of this claim by May 15, 2013. Petitioner, then had one year, or until May 15, 2014, to file his federal claim.

As stated above, the filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 7, 2018, Petitioner filed a state habeas petition. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file this claim by May 15, 2014. He did not file his claim until May 29, 2018. His claim is therefore untimely.

### 3.     **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158

7

F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

### III.

The Court should DISMISS the petition for writ of habeas corpus under 28 U.S.C. § 2254 and DENY the motion for acquittal.

Signed January 17, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).